**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**WAYNE E. FERRELL, JR.; JAMES W.**
**NOBLES, JR.; and ANGELO DORZIAS**                                      **PLAINTIFFS/**
                                                                                                        **COUNTER-DEFENDANTS**

**V.**                                                                            **CAUSE NO. 3:15-CV-657-HTW-LRA**

**TAB TURNER a/k/a C. TAB TURNER,**
**CLYDE TALBOT TURNER,**
**CLYDE T. TURNER, CLYDE TAB TURNER and**
**TAB CLYDE TURNER, and**
**TURNER & ASSOCIATES, P.A.**                                              **DEFENDANTS/**
                                                                                                        **COUNTER-PLAINTIFFS**

## <u>ORDER</u>

BEFORE THIS COURT are various motions: Wayne E. Ferrell's Jr.'s Motion for Partial Summary Judgment **[Docket no. 24]**; Wayne E. Ferrell, Jr.; James W. Nobles, Jr.; and Angelo Dorzias' Motion for Partial Summary Judgment **[Docket no. 25]**; Wayne E. Ferrell Jr.'s Motion to Dismiss **[Docket no. 51]**; and Tab Turner's Motion to Compel Repayment of Funds Taken From Trust Account Without an Agreement or Court Approval and/or For Contempt and to Dismiss Ferrell's Claims **[Docket no. 82]**.

On March 20, 2017, this court entered an Order dismissing the complaint in the case consolidated with this matter[1] for failure to comport with the statute of limitations. [Docket no. 101]. Now, the plaintiffs ask this court to dismiss the counter-claims in this matter alleging, again, a failure to comport with the statute of limitations. This court, for the reasons stated *infra*, is not inclined to do so and will therefore, DENY the motions listed above.

In its March 20, 2017 order, this court found:

---

[1] 3:15-CV-903 was the companion case styled *Turner v. Ferrell* et al.

This court is convinced by Ferrell's arguments that the statute of limitations of § 15-1-49 applies and finds that the Turner Parties did not assert their claims until long after the mandatory limitations period had expired. The Turner Parties, at best, filed their lawsuit in the Arkansas case almost five (5) years after the alleged breach by Ferrell. Therefore, the Turner Parties' complaint was filed almost two (2) years outside the statute of limitations.

Further, this court is equally convinced that the savings clause of § 15-1-69 cannot insulate the Turner Parties' complaints. Even upon a theory that the statute of limitations had been tolled by the Jasper County Chancery Court case, the Turner Parties did not file their lawsuit until five hundred and fourteen days (514) after the dismissal (without prejudice) of the Jasper County, Mississippi, Chancery Court Case. Mississippi's savings clause, as codified in § 15-1-69, only contemplates a one (1) year savings period. Consequently, even if the Turner Parties had been "saved" under § 15-1-49, the dismissal of the Jasper County, Mississippi, Chancery Court lawsuit started the one year limitations period of § 15-1-49 running and the Turner Parties still failed to file their claims against Ferrell, Nobles, and Dorizas in time.

[Docket no. 101].

The Ferrell parties, in essence, ask this court to view the procedural posture of the case consolidated with this one (which has already been dismissed) as if they were the same in kind. They are not. The Turner parties correctly assert in their Response in Opposition to Ferrell's Motion to Dismiss [Docket no. 59], the Rules of Civil Procedure require compulsory counterclaims be filed and that they "relate-back" to the filing of the complaint.

As stated in its previous order of this court dismissing the consolidated case, this case features a hotly-contested dispute over the apportionment of attorney's fees and share of expenses from a jury verdict which resulted in a judgment exceeding $130,000,000 in compensatory damages and an undisclosed amount of money provided in a confidential, punitive damages settlement. [Docket no. 101].

# I.     JURISIDICTION

This action is before the court on a notice of removal, said removal having been premised on 28 U.S.C. § 1441[2] and 28 U.S.C. § 1332[3]. [Docket no. 1]. Turner & Associates challenged removal [Docket no. 10]. This court held a hearing on April 20, 2016, and denied the motion to remand filed by the Turner Parties[4], finding this court had diversity subject matter jurisdiction. [Minute Entry 04/20/2016].

A federal court with diversity jurisdiction applies the substantive law of the forum state. *Learmonth v. Sears, Roebuck & Co.* 710 F.3d 249, 258 (5th Cir. 2013). A district court, then, must apply the choice of law rules of the state in which the action is brought. *Williamson Pounders Architects PC v. Tunica Cty., Miss.* 597 F.3d 292, 295 (5th Cir. 2010).

Mississippi is the forum state for the lawsuit *sub judice.* Its choice of law provisions must be enforced here and given effect unless Mississippi's provisions are arbitrary or fundamentally unfair. *Id.* Thus, obedient to *Erie Railroad Co., v. Tompkins*, 304 U.S. 64 (1938), this court, sitting in Mississippi, looked to Mississippi law to determine whether, under these circumstances here,

---

[2] "(a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal based on diversity of citizenship.—

   (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

   (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

28 U.S.C.A. § 1441 (West).

[3] "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

   (1) citizens of different States;"

28 U.S.C.A. § 1332 (West).

[4] As used in this Order, the "Turner Parties" refers to Tab Turner and Turner & Associates.

this court, after recognizing the potential involvement of the law of Arkansas, should apply that state's substantive law to the facts of this controversy, an approach described as a "conflict of laws" query.

Mississippi's key authority is *Boardman v. United Services Auto. Ass'n*, 470 So.2d 1024 (Miss. 1985), which holds "the law of a single state does not necessarily control every issue in a given case. We apply the center of gravity test to each question presented, recognizing that the answer produced in some instances may be that the law of this state applies and on other questions in the same case the substantive law of another state may be enforceable." *Id* at 1031. After abiding by this Mississippi approach, this court, on the balance of the major facts, found[5] that this court should apply the substantive law of Mississippi to this dispute, and as dictated by *Erie*, the procedural law of Mississippi.

## II.    PARTIES

Wayne E. Ferrell Jr. (hereinafter referred to as "Ferrell") is an adult resident of Madison County, Mississippi. [Docket no. 1]. Ferrell is an attorney licensed to practice law in the State of Mississippi with his law office located in Jackson, Mississippi. *Id*.

James W. Nobles, Jr. (hereinafter referred to as "Nobles") is an adult resident of Hinds County, Mississippi. [Docket no. 1-1]. Nobles is an attorney licensed to practice law in the State of Mississippi with his law office located in Clinton, Mississippi. *Id*.

Angelo Dorizas (hereinafter referred to as "Dorizas") is an adult resident of Hinds County, Mississippi. *Id*. Dorizas is an attorney licensed to practice law in the State of Mississippi with his law office located in Jackson, Mississippi. *Id*.

---

[5] This court found that Mississippi law applies because the majority of the parties are Mississippi parties, the underlying lawsuit arose in Mississippi, was settled in Mississippi, the alleged breach of contract that is the subject of this suit occurred in Mississippi, and the majority of the events underlying these lawsuits occurred in Mississippi.

Tab Turner a/k/a C. Tab Turner, Clyde Talbot Turner, Clyde T. Turner, Clyde Tab Turner and Tab Clyde Turner (hereinafter referred to as "Turner") is an adult resident of the State of Florida. [Docket no. 1]. Turner is an attorney licensed to practice law in the State of Arkansas with his law office located in North Little Rock, Arkansas. [Docket no. 1-1].

Turner & Associates (hereinafter referred to as "T&A") allegedly is a professional organization that is a citizen of the State of Arkansas. [Docket no. 1]. Significant dispute has arisen whether this party actually exists. On November 13, 2015, in his Opinion and Order, United States District Court Judge J. Leon Holmes of the Eastern District of Arkansas, found, "There is no entity 'Turner & Associates, P.A.' The entity is Clyde Tab Turner, P.A., which does business as Turner & Associates, P.A." [E.D. Arkansas Civil Action no. 4:15-cv-602-JLH, Order Dated November 13, 2015, fn.1]. Turner campaigns that T&A is the same as Turner.

### III.    FACTUAL BACKGROUND

This lawsuit arises from a dispute between former co-counsel on a wrongful death suit against Ford Motor Company, and Watson Quality Ford. The underlying cause of action resulted in a jury verdict exceeding $130,000,000.00. The plaintiff, Gregory Cole as the Administrator of the Estate of Brian K. Cole, in the underlying wrongful death action, Jasper County Court, Mississippi, case number 12-0076, signed a fifty percent (50%) fee agreement with the attorney-parties in these lawsuits. After the jury verdict, on September 2, 2010, the parties in the underlying wrongful death action, that is defendants Ford Motor Company, and Watson Quality Ford, and plaintiff Gregory Cole as the Administrator of the Estate of Brian K. Cole, reached a confidential settlement agreement.

On September 10, 2010, Ferrell filed a disbursement action in Jasper County Chancery Court because Ferrell and Turner had disagreed on the amount each attorney-party was owed under

the fee agreement between them. Turner answered the Jasper County Chancery Court complaint by affidavit but did not assert any counterclaim against Ferrell in that lawsuit. After five (5) years, the Jasper County Chancery Court ruled it did not have jurisdiction over the matter and dismissed the case without prejudice and on April 22, 2014, instructed the parties to file the action in Circuit Court.

Ferrell abided by these instructions and filed a complaint in Hinds County Circuit Court on April 22, 2015. The Turner Parties thereafter filed a Notice of Removal on September 8, 2015, removing Ferrell's lawsuit to this federal forum under case number 3:15-CV-657 (hereinafter referred to as the "Mississippi Case").

On June 8, 2015, the Turner Parties filed a complaint alleging breach of contract against Ferrell in the Circuit Court of Pulaski County, Arkansas (hereinafter referred to as the "Arkansas Case"). Ferrell afterwards, on September 28, 2015, filed a Notice of Removal, removing that case from the District Court of Pulaski County, Arkansas to the United States District Court for the Eastern Division of Arkansas. On November 13, 2015, United States District Court Judge J. Leon Holmes, of the Eastern Division of Arkansas, ordered the Arkansas case transferred to this federal forum.

The Turner Parties, on January 21, 2016, asked this court to consolidate the Mississippi and Arkansas cases. [Docket no. 16]. United States Magistrate Judge Linda Anderson, on April 22, 2016, initially denied the motion to consolidate. [Docket no. 23]. The Turner Parties re-urged their Motion to Consolidate on May 2, 2016. [Docket no. 38]. United States Magistrate Judge Linda Anderson at that time, June 2, 2016, granted the motion and consolidated the Mississippi and Arkansas cases. [Docket no. 47].

On March 20, 2017, this court entered an order dismissing the Arkansas case as untimely filed outside of the relevant statutes of limitations. [Docket no. 101].

## IV.    PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM [Docket no. 51]

Ferrell's Motion to Dismiss **[Docket no. 51]** invokes Rule 12(b)(6)[6] of the Federal Rules of Civil Procedure and asks this court to dismiss the Turner Parties' counterclaims as untimely filed. As stated earlier, this court found in the order dismissing civil action no. 3:15-cv-903-HTW-LRA, that the Turner Parties had filed that lawsuit outside the statute of limitations and thus were barred from further litigating that matter. [Docket no. 101]. That, however, does not necessarily mean the Turner Parties had filed their counterclaims in this lawsuit in a similarly untimely fashion. The Turner Parties respond that their counterclaims relate back to the filing of Ferrell's complaint and, as a result, are timely filed. [Docket no. 60].

Ferrell attacks the Turner Parties' counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted."  When tasked with this question, this court must consider the facts of the complaint in the light most favorable to the plaintiff and determine whether the complaint states a valid claim for relief.  *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

The United States Supreme Court has stated that the complaint must allege sufficient facts to give rise to a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The court "must take all of the factual allegations in the complaint as true," but is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.*  In considering

---

[6] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(6) failure to state a claim upon which relief can be granted;

F.R.C.P. 12.

a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).

The question before this court is whether the Turner Parties' counterclaims relate back to the filing of Ferrell's complaint in this matter, so as to be timely filed. The Fifth Circuit has addressed this very issue. In *Songcharoen v. Plastic & Hand Surgery Assoc., P.L.L.C.,* the Fifth Circuit provided the following guidance: "a compulsory counterclaim would be timely, while a permissive one would not." 561 Fed. App'x. 327, 340-341 (5th Cir. 2014). Thus, this court must determine whether the Turner Parties' claims are compulsory counterclaims, or whether they are permissive.

The Federal Rules of Civil Procedure, Rule 13 is the starting point of this particular quest. It provides:

> (a) Compulsory Counterclaim.
>
>> (1) In General. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
>>
>>> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>>>
>>> (B) does not require adding another party over whom the court cannot acquire jurisdiction.
>>
>> (2) Exceptions. The pleader need not state the claim if:
>>
>>> (A) when the action was commenced, the claim was the subject of another pending action; or
>>>
>>> (B) the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.
>
> (b) Permissive Counterclaim. A pleading may state as a counterclaim against an opposing party any claim that is not compulsory.

F.R.C.P. 13.

8

In interpreting Rule 13, the Fifth Circuit provided the following test to determine whether a claim was compulsory:

> To determine whether a claim is a compulsory counterclaim, courts should ask: (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim. *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th Cir.1997) (quoting *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir.1992)). If any of the four questions results in an affirmative answer, the counterclaim is compulsory. *Id.*

*Songcharoen v. Plastic & Hand Surgery Assocs.*, P.L.L.C., 561 F. App'x 327, 340 (5th Cir. 2014).

In applying the *Songcharoen* test to this lawsuit, this court finds that the Turner Parties' claims are compulsory counterclaims. First, the issues of fact and law raised by both the claim and counterclaim are largely the same: both parties seek to recover funds held in a trust account that they both claim they are owed as attorney's fees. Secondly, *res judicata* would undoubtedly bar a subsequent suit on the defendant's claim: the claims and counterclaims by the parties are asserted against each other; the evidence is the same; the applicable law is the same; and the operative facts are the same. Thirdly, the same evidence will be presented by the parties: the contract; any other agreements between the parties; evidence of expenses incurred by the parties in the underlying litigation; and witnesses that will be called by one side or the other. Finally, this court finds there is a logical relationship between the operative facts which serve as a basis of both the claims of Ferrell and the counterclaims of the Turner Parties: both the claim and the counterclaims rely on the exact same set of operative facts.

After a review of the submissions of the parties and the relevant law this court finds the Turner Parties counterclaims are compulsory counterclaims and, therefore, they relate back to the

filing of Ferrell's complaint. Thus, this court finds the Turner Parties counterclaims are timely filed and DENIES Ferrell's Motion to Dismiss Counterclaims. **[Docket no. 51].**

## V.  PARTIAL MOTIONS FOR SUMMARY JUDGMENT AND RELEASE OF FUNDS [Docket nos. 24 & 25]

These two motions ask this court to grant summary judgment against the Turner Parties based on a failure to comply with the statute of limitations. The difference between the two motions, including the wording and structure of the motions themselves is that Ferrell filed **[Docket no. 24]** in his own behalf; whereas, **[Docket no. 25]** is filed on behalf of all the plaintiffs: Ferrell; Nobles; and Dorizas.

The Plaintiffs campaign that they are the only parties that have not waived their claims to the disputed money being held in trust pending the outcome of this litigation. When the Jasper County Chancery Court dismissed the underlying litigation with instructions to refile in the circuit court, the Plaintiffs timely filed within the savings clause under MISS. CODE § 15-1-46[7]. The Plaintiffs argue that the Turner Parties failed to file their counterclaims in this matter and their complaint in 3:16-cv-903 in a timely fashion: as a result, the Turner Parties cannot press their claims and, thus, the Plaintiffs prevail in this lawsuit as a matter of law according to the Plaintiffs and are due to the disbursement of the $540,000.00 currently being held in trust.

This court has already found that the counterclaims of the Turner Parties are compulsory counterclaims and, as a result, relate back to the filing of Ferrell's complaint in this matter, which was timely filed.  The Turner Parties' counterclaims dispute the Plaintiffs' interest in the money

---

[7] If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.

being held in trust. Accordingly, judgment as a matter of law, as urged by the Plaintiffs, is not appropriate and this court must DENY both motions to dismiss **[Docket nos. 24 & 25]**.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of showing the court that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When determining whether summary judgment is appropriate, the Court will look to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to determine if no genuine issue as to any material fact exists and the moving party is entitled to a judgment as a matter of law. *McDonald v. Entergy Operations Inc*., 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (*quoting* Fed. R. Civ. P. 56(c)).

The court must view the facts, evidence and all inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *Rogers v. Bromac Title Servs., L.L.C*., 755 F.3d 347, 350 (5th Cir. 2014). "Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence . . . since it is the province of the jury to assess the probative value of the evidence.'" McDonald, 2005 WL 2474701, at *3 (*quoting Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

"A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers*, 755 F.3d at 350 (*quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). "Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial." *McDonald*, 2005

11

WL 2474701, at *3 (*citing National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962)). "[C]onclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial." Id. (*citing TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir.2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1997). For the same reasons stated above and in Section IV. of this Order, this court finds these motions are not well-taken and DENIES them.

## VI.   MOTION TO COMPEL REPAYMENT OF FUNDS TAKEN FROM TRUST ACCOUNT WITHOUT AN AGREEMENT OR COURT APPROVAL AND/OR FOR COMTEMPT AND TO DISMISS FERRELL'S CLAIMS [Docket no. 82]

This court, after reviewing the submissions of the parties, observed that the Turner Parties have asserted what they consider facts, but fail to present any supporting evidence. The totality of the Turner Parties' purported evidence is as follows: an order directing payment from the Jasper County Chancery Court (In the Matter of the Estate of Brian K. Cole, Deceased, Action No. 02-A-035); Emails between counsel; an order from the Jasper County Chancery Court (In the Matter of the Estate of Brian K. Cole, Deceased, Action No. 02-A-035) dismissing without prejudice; and a Motion to Submit Certain Monies filed by Ferrell in the Circuit Court of Hinds County (*Ferrell et al v. Turner et al*, Cause No. 15-228). These submissions say the Turner Parties show that Ferrell withdrew the money in a trust account without this court's approval or the approval of the Hinds County Circuit Court.

The Turner Parties have not submitted bank records, affidavits, deposition testimony, or any other credible evidence to support their bare assertion that Ferrell violated a court order. Accordingly, this court is not persuaded by the arguments asserted by the Turner Parties, nor the

"evidence" they provided this court in support thereof. Therefore, this court will deny Tab Turner's Motion to Compel Repayment of Funds Taken From Trust Account Without an Agreement or Court Approval and/or For Contempt and to Dismiss Ferrell's Claims **[Docket no. 82]**, without prejudice. If the Turner Parties obtain credible evidence, they may reurge their motion.

## VII.   CONCLUSION

IT IS THEREFORE ORDERED Wayne E. Ferrell's Jr.'s Motion for Partial Summary Judgment **[Docket no. 24]**; the Plaintiffs' Motion for Partial Summary Judgment **[Docket no. 25]**; and Wayne E. Ferrell Jr.'s Motion to Dismiss **[Docket no. 51]**, all premised on a failure to comport with the statute of limitations are not well-taken and DENIED.

IT IS FURTHER ORDERED Tab Turner's Motion to Compel Repayment of Funds Taken From Trust Account Without an Agreement or Court Approval and/or For Contempt and to Dismiss Ferrell's Claims **[Docket no. 82]** is unsupported by the evidence he submitted to this court and is therefore DENIED without prejudice.

IT IS FINALLY ORDERED the parties are to present themselves to this court for a pretrial conference on June 6, 2017, at 9:00 a.m. in Courtroom 6A of the United States District Courthouse in Jackson, Mississippi. The jury trial term will begin the week of June 19, 2017, at 9:00 a.m.

**SO ORDERED this the 30th day of March, 2017.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**