IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| WAYNE E. FERRELL, JR.; JAMES W. NOBLES, JR.; and ANGELO DORZIAS | PLAINTIFFS/ COUNTER-DEFENDANTS |
| V. | CAUSE NO. 3:15-CV-657-HTW-LRA |
| TAB TURNER a/k/a C. TAB TURNER, CLYDE TALBOT TURNER, CLYDE T. TURNER, CLYDE TAB TURNER and TAB CLYDE TURNER, and TURNER & ASSOCIATES, P.A. | DEFENDANTS/ COUNTER-PLAINTIFFS |

## ORDER

BEFORE THIS COURT is plaintiffs James Nobles and Angelo Dorizas' Motion to Strike Turner's Affidavit **[Docket no. 162]**. Turner submitted an affidavit in support of his response to plaintiff Wayne Ferrell's Partial Motion for Summary Judgment. [Docket no. 158-1].

By their motion, Nobles and Doizas ask this court to strike Turner's Affidavit for two (2) reasons: that the affidavit is in violation of F.R.C.P. 5.2[1]; and that the affidavit allegedly contains conclusory allegations and impermissible legal opinions.

Turner opposes Nobles and Dorizas' Motion to Strike, stating that his affidavit is a recitation of the facts of this case as he sees them. Turner also says any alleged violation of F.R.C.P. 5.2 is moot because he has filed corrected disclosures under seal.

---

[1] (a) Redacted Filings. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
    (1) the last four digits of the social-security number and taxpayer-identification number;
    (2) the year of the individual's birth;
    (3) the minor's initials; and
    (4) the last four digits of the financial-account number.
Fed. R. Civ. P. 5.2

1

## I. Federal Rule of Civil Procedure 5.2

This court has reviewed the docket report and finds that any alleged error or violation of Rule 5.2 has already been corrected because this court already ordered Turner's affidavit sealed to prevent the release of the financial information about which Nobles and Dorizas complain. *See Agreed Order*. [Docket no. 168]. This court, therefore, finds Nobles and Dorizas' motion based on an alleged violation of F.R.C.P. 5.2 is moot.

## II. Conclusory Allegations and Impermissible Legal Conclusions

Nobles and Dorizas complain that Turner's Affidavit is "fraught with conclusory allegations and opinions as to the applicable law." [Docket no. 163]. The movants, Nobles and Dorizas, cite three cases which they say stand for the proposition that parties – specifically attorneys – cannot opine about legal conclusions in their own cases. *See Stagman v. Ryan*, 176 F.3d 986 (10th Cir. 1999); *Askanase v. Fatjo*, 130 F.3d 657 (5th Cir. 1997); and *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988). Nobles and Dorizas are correct that an attorney-party may not testify about legal conclusions as this would invade the province of the court and the jury.

Turner responds that the factual assertions in his affidavit are his recitation of the facts of this lawsuit as he sees them, not an attempt to interject his facts as the facts this court must accept. Turner further responds that *Askanase* and *Specht* are clearly distinguishable, as they are cases in which the respective United States Courts of Appeals refused to allow attorneys as expert witnesses. In the lawsuit at bar Turner is a party and not acting in an expert witness capacity nor as an attorney. Parties are clearly allowed to testify about their version of the facts. Further, this court is persuaded that Turner's usage of terms of art throughout his affidavit do not invalidate the affidavit. This court, therefore, finds that Noble and Dorizas' motion fails on these grounds as well.

IT IS, THEREFORE, ORDERED James Nobles and Angelo Dorizas' Motion to Strike Turner's Affidavit **[Docket no. 162]** is hereby DENIED.

**SO ORDERED this the 6th day of March, 2018.**

                                                                        **s/ HENRY T. WINGATE**
                                                                        **UNITED STATES DISTRICT COURT JUDGE**