IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| WAYNE E. FERRELL, JR.; JAMES W. NOBLES, JR.; and ANGELO DORZIAS | PLAINTIFFS/ COUNTER-DEFENDANTS |
| V. | CAUSE NO. 3:15-CV-657-HTW-LRA |
| TAB TURNER a/k/a C. TAB TURNER, CLYDE TALBOT TURNER, CLYDE T. TURNER, CLYDE TAB TURNER and TAB CLYDE TURNER, and TURNER & ASSOCIATES, P.A. | DEFENDANTS/ COUNTER-PLAINTIFFS |

**ORDER**

BEFORE THIS COURT is Turner's Motion to Exclude John G. Corlew (hereinafter referred to as "Corlew") as an Expert Witness **[Docket no. 188]**. Corlew is an attorney duly authorized to practice law in Mississippi since 1968. [Docket no. 147-1].

By his motion, Turner asks this court to exclude Corlew as an expert witness because Corlew's expert report contains statements or opinions that are not permitted under Federal Rules

1

of Evidence 702[1], 703[2], and 704[3]. Turner also says that Corlew's Expert Report fails to comply with F.R.C.P. 26(a)(2)[4] because it does not identify with specificity which agreement he relied upon to formulate his opinion.

---

[1] A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
    (b) the testimony is based on sufficient facts or data;
    (c) the testimony is the product of reliable principles and methods; and
    (d) the expert has reliably applied the principles and methods to the facts of the case.
Fed. R. Evid. 702

[2] An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.
Fed. R. Evid. 703

[3] (a) In General--Not Automatically Objectionable. An opinion is not objectionable just because it embraces an ultimate issue.
(b) Exception. In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.
Fed. R. Evid. 704

[4] (a) Required Disclosures.
    (2) Disclosure of Expert Testimony.
        (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
        (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
            (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
            (ii) the facts or data considered by the witness in forming them;
            (iii) any exhibits that will be used to summarize or support them;
            (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
            (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
            (vi) a statement of the compensation to be paid for the study and testimony in the case.
        (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

The plaintiffs oppose Turner's motion saying that Corlew's expert report complies with with Federal Rules of Evidence 702, 703, and 704 and F.R.C.P. 26.

I.  **Federal Rules of Evidence**

In discussing Rule 702 of the Federal Rules of Evidence, the United States Fifth Circuit Court of Appeals has clearly established that:

> We agree that merely being a lawyer does not disqualify one as an expert witness. Lawyers may testify as to legal matters when those matters involve questions of fact. *See e.g., Huddleston v. Herman & MacLean*, 640 F.2d 534, 552 (5th Cir. Unit A March 1981), aff'd in part, rev'd in part on other grounds, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983)(lawyer could testify that language in a boilerplate contract was standard because the effect of the language went to scienter). However, "it must be posited as an a priori assumption [that] there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge." *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir.1988) (internal citations omitted).

*Askanase v. Fatjo*, 130 F.3d 657, 672–73 (5th Cir. 1997).

> [A]n expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function. However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.

*Specht v. Jensen*, 853 F.2d 805, 809–10 (10th Cir. 1988).

---

> > (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> >
> > (ii) a summary of the facts and opinions to which the witness is expected to testify.
>
> (D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> > (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
> >
> > (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26

3

The plaintiffs fail to address either *Askanase v. Fatjo*, 130 F.3d 657, 672–73 (5th Cir. 1997) or *Specht v. Jensen*, 853 F.2d 805, 809–10 (10th Cir. 1988). Instead, says the plaintiffs, "[i]n *Huss v. Gayden*, the 5th Circuit held that, 'Experts qualified by 'knowledge, skill, experience, training or education may present opinion testimony to the jury'' *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (citing Fed R. Evid. 702)." Further, says the plaintiffs, "Federal Rule of Evidence 704 states, 'An opinion is not objectionable just because it embraces an ultimate issue'. Fed R. Evid. 704." This court is unpersuaded by the plaintiffs' cursory treatment of Turner's challenge to Corlew as an expert witness and his report.

This court has reviewed Corlew's expert report and finds that it clearly invades the province of the court and the jury. [Docket no. 147-1]. Corlew's expert report opines about several issues of ultimate fact which the finder of fact must determine and uses Corlew's legal conclusions to do so. For example, in his report Corlew opines "[t]he Fee Sharing Agreement is a binding contract" and [e]ach of the Plaintiff counsel in the Fee Sharing Agreement owed fiduciary duties to the other counsel." [Docket no. 147-1, P. 4]. Corlew's opinions touch all the various legal issues in this matter: the existence of a contract; the breach of fiduciary duty; the breach of good faith and fair dealing; Turner's ethical obligations; that the Fee Sharing Agreement excludes payment of expenses to Turner; and that Turner breached both the contract and the fiduciary duty he owed to the plaintiff. This court cannot allow Corlew's expert opinion as it runs afoul of the Federal Rules of Evidence and *Askanase v. Fatjo*, 130 F.3d 657, 672–73 (5th Cir. 1997).

## II. Federal Rule of Civil Procedure 26(a)(2)

This court is unpersuaded by Turner's argument that Corlew's report fails to comply with F.R.C.P. 26(a)(2). Turner alleges that Corlew's report states that he relied upon a Fee Sharing Agreement "executed by all plaintiff counsel pursuant to the contract and assignment" but it is

4

unclear which agreement to which Corlew is referring. Allegedly, there are three (3) different agreements which are at the heart of the the lawsuit *sub judice*: the Fee Split Agreement; the Fee Sharing Agreement; and the Contingent Fee Agreement. Turner and the plaintiffs signed the Fee Split Agreement. The plaintiffs retort that Corlew's Expert Report clearly indicates that he relied upon the Fee Sharing Agreement. This court agrees with the plaintiffs and finds that Corlew's report sufficiently identifies that he reviewed and relied upon the Fee Sharing Agreement signed by the parties.

### III. Conclusion

This court is persuaded that Corlew's expert report contains multiple legal conclusions that the Federal Rules of Evidence and Fifth Circuit jurisprudence forbid. This court is not prepared to allow a battle of the experts wherein the parties hire attorneys as experts to instruct the jury. To do so would be to invade the province of the court.

This court is further persuaded that Corlew's Expert Report complies with Rule 26(a)(2) of the Federal Rules of Civil Procedure. Corlew identified the report upon which he relied to formulate his opinion. Corlew's compliance with F.R.C.P. 26(a)(2), however, does not allow him to testify. As this court has already held, Corlew's report and his expected expert testimony invade the province of both the jury and the court and, therefore, both must excluded.

IT IS, THEREFORE, ORDERED Turner's Motion to Exclude John G. Corlew as an Expert Witness **[Docket no. 188]** is hereby GRANTED.

**SO ORDERED this the 6th day of March, 2018.**

                                              **s/ HENRY T. WINGATE**
                                              **UNITED STATES DISTRICT COURT JUDGE**