# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| WAYNE E. FERRELL, JR.; JAMES W. NOBELS, JR.; and ANGELO DORIZAS | PLAINTIFFS |
| vs. | CIVIL ACTION No.: 3:15-CV-657-HTW-LRA |
| TAB TURNER; and TURNER & ASSOCIATES, P.A. | DEFENDANTS |

## ORDER

BEFORE THIS COURT is a Motion to Strike filed by Wayne E. Ferrell, Jr.. **[Docket no. 252]**. The target of this Motion to Strike is the Motion for Contempt filed by Tab Turner **[Docket no. 251]**. This motion for civil contempt directed at Wayne E. Ferrell, Jr. (hereinafter referred to as "Ferrell"), and his attorney, Chuck McRae (hereinafter referred to as "McRae") accuses Ferrell and McRae of removing funds from McRae's trust account, in direct contravention of a court order forbidding removal of those funds without a court order and without notifying "all necessary parties" of such intention. *See* [Docket no. 251-2]. Neither of these pre-conditions was performed by Ferrell and McRae.

Ferrell and McRae have responded with their Motion to Strike which relies upon Federal Rule of Evidence 408. This rule forbids at trial evidence of compromise offered and negotiations. As argued by Ferrell and McRae, since the revelation of the trust fund disbursement was revealed at a court-ordered, mandatory settlement conference, the trust fund disbursement revelation is inadmissible and cannot be the subject of a Motion for Contempt.

This court, at present, does not agree. Rule 408's reach does not appear to be broad enough to embrace the Ferrell-McRae legal theory. Ferrell and McRae who filed the instant Motion to Strike, instead of a response to the Motion for Contempt (asking for thirty days to file a response

1

if the court denies their motion to strike), shall file their response to the Motion for Contempt by March 19, 2019, by 8:00 o'clock a.m.. They have had ample time to gauge their defense, and their response to the motion for contempt. Moreover, they have presented a defense in their Motion to Strike and back at the Settlement Conference of August 4, 2018. Nevertheless, this court will hear all matters received in opposition to the Motion for Contempt.

## I. BACKGROUND

This case was originally filed in Hinds County, Mississippi Circuit Court on April 22, 2015. That action was removed to this Court by the Turner Parties when they filed their Notice of Removal on September 8, 2015, and the case was assigned Civil Action No. 3:15cv657-HTW-LRA (sometimes referred to as the "Mississippi Case"). Shortly after the Notice of Removal in this case was filed, a second suit, styled Turner & Associates, P.A. v. Wayne E. Ferrell, Jr., which was filed in the Circuit Court of Pulaski County, Arkansas, was also removed and eventually assigned Civil Action No. 3:15cv903-TSL-RHW (the "Arkansas Case"). The Arkansas Case was transferred to this Court and the two cases were eventually consolidated on June 2, 2016.

After the action was commenced in Hinds County Circuit Court, but before the case was removed to this Court, Ferrell had sought to transfer certain funds being held in the trust account of his former counsel, Hunter Lundy ("Lundy"), to the trust account of his current counsel, McRae. Those funds, as well as other funds, were being held in Lundy's trust account pursuant to the Order Directing Payment entered on June 8, 2011 by the Jasper County, Mississippi Chancery Court in previous litigation between the parties hereto.

The Order Directing Payment ordered in part: "15. Payment to Lundy, Lundy, Soileau & South, LLP trust account the sum of $x,xxx,xxx." See Ex. A. On September 1, 2015, the Hinds

2

County Circuit Court ordered that the amount of $540,000.00 be transferred from Lundy's trust account to McRae's trust account (the "Hinds County Order").

The Hinds County Order ordered that "upon deposit of said monies, the funds will not be withdrawn until further Order of the Court advising and notifying all necessary parties". The funds were actually transferred to McRae's trust account on September 3, 2015, as evidenced by a check from Lundy's trust account to McRae's trust account.

On July 23, 2018, this Court entered an Order [Docket no. 249] compelling all parties and counsel in the case to attend a mandatory settlement conference on August 4, 2018 (the "Settlement Conference"). At the Settlement Conference, it was revealed by Ferrell and McRae that Ferrell and McRae had removed all of the $540,000.00 held in McRae's trust account without an order from this Court, or any other Court allowing them to do so and without advising and notifying the Court or the Turner Parties that they were doing so. It was also revealed that Ferrell allegedly had returned a portion of the funds (i.e. the funds received by him) to McRae's trust account. It was also revealed that McRae had not returned the funds received by him to his trust account. The excuse for taking the funds from McRae's trust account, according to Ferrell and McRae, was that when this Court dismissed the Turner Parties' claims in the Arkansas Case, they believed that all of the Turner Parties' claims in both cases were dismissed. That was not true, but notwithstanding the same, neither Ferrell nor McRae sought an order from this Court or any other Court releasing the funds with notice to the Turner Parties as required by the Hinds County Order, which is a valid and enforceable order.

Based on these statements made by Ferrell and McRae at the Settlement Conference, the Turner Parties assert that Ferrell and McRae should be held in civil contempt for violating the Hinds County Order.

## II. STATUS OF THE TRUST FUND

As stated above, the Hinds County Order ordered that "upon deposit of said monies, the funds will not be withdrawn until further Order of the Court advising and notifying all necessary parties." Though this case was removed from the Hinds County Circuit Court on September 8, 2015, the Hinds County Order remains a valid and enforceable order binding on the parties in this case.

Pursuant to Title 28 U.S.C. §1450, "[a]ll injunctions, orders, and other proceedings had in [an] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." This statute has been interpreted and affirmed by the United States Supreme Court in *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, etc.*, 415 U.S. 423 (1974). In *Granny Goose*, the United States Supreme Court stated that: "Judicial economy is promoted by providing that proceedings had in state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court." *Granny Goose*, 415 U.S. at 435-36 (emphasis added). "After removal, the federal court 'takes the case up where the State court left it off.'" *Id.* at 436 (quoting *Duncan v. Gegan*, 101 U.S. 810, 812, 25 L.Ed. 875 (1880)). "Thus attachments, sequestrations, bonds, undertakings, securities, injunctions, and other orders obtained in state court all remain effective after the case is removed to federal court." *Id.* (emphasis added). Though *Granny Goose* specifically dealt with the effect of removal on a preliminary injunction issued in the case while it was pending in state court, the Supreme Court affirmed that the Congress clearly intended to "preserve the effectiveness of state court orders after removal . . ." with the adoption of 28 U.S.C. §1450. Id. Therefore, in accordance with federal law, the Hinds County Order remains valid and enforceable in these proceedings, unless this Court dissolves or modifies the same, which has not

4

been done. *See Resolution Trust Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1316 (5th Cir. 1992) (Citing *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988)).

### III. CIVIL CONTEMPT

"Civil contempt is a remedial action designed and intended to obtain compliance with a Court Order or to compensate for damages sustained as a result of noncompliance." *Piambino v. Bestline Products, Inc.*, 645 F.Supp. 1210, 1212 (S.D. Fla. 1986) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1948)). "The failure to comply need not be with the intent to disobey a Court Order as intent to disobey is not a prerequisite to a finding of civil contempt." *Id.*

> Civil contempt proceedings involve (1) the issuance of an Order; (2) following the disobedience of that Order, the issuance of a conditional Order finding the recalcitrant party in contempt and threatening to impose a specified penalty unless the recalcitrant party purges itself of contempt by complying with the prescribed purgation conditions; and (3) exaction of the threatened penalty if the purgation conditions are not fulfilled.

*Id.* at 1213. "A party petitioning for a civil contempt finding must prove by clear and convincing evidence that the respondent violated a Court Order." *Id.* "However, once the prosecuting litigant makes out a prima facie case, the burden of production shifts to the alleged contemnor, who may defend his failure on the grounds that he was unable to comply." *Id.* "To succeed on this defense, however, the respondent must go beyond a bald assertion of inability and satisfy his burden by introducing evidence in support of his claim." *Id.* (citing *United States v. Hayes*, 722 F. 2d 723, 725 (11th Cir. 1984); *Combs v. Ryan's Coal Co., Inc.*, 785 F. 2d 970, 984 (11th Cir. 1986)).

### IV. HOLDING

At the Settlement Conference, this court inquired of the amount in McRae's trust account. McRae answered that a significant amount had been disbursed. In sum, he argued that the juridical conditions for the trust fund had evaporated and no need for continuing the trust fund then existed.

The court, at present, disagrees. Outstanding litigation may yet involve the monies pledged to the trust fund.

Even so, Ferrell and McRae were under a specific order not to disburse the funds without a court order and not before notifying counsel opposite of such intention. They did not notify the court, nor, according to Attorney Tab Turner, the other parties.

Ferrell and McRae apparently ignore this court's power and authority to inquire at any time whether the court's forbearance order is being obeyed. At any time, this court could determine whether its non-distribution order is being obeyed, what financial institution has the money, what interest rate, if any, is being applied and the financial safety of the holding institution. The court could require regular reports of the above. Afterall, the money is being held in a non-disbursable trust by a court order.

Ferrell and McRae turn to Rule 408(a) of the Federal Rules of Evidence for protection.

Aimed at fostering open conversation on possible compromise and settlement, Rule 408, in various circumstances, bars participants from offering the pre-trial negotiations, offers and discussions at trial. *Ramada Dev. Co. v. Rauch,* 644 F.2d 1097, 1106 (5th Cir.1981) (Rule 408 "is designed to encourage settlements by fostering free and full discussion of the issues"). "[T]he question under the rule is whether the statements or conduct were intended to be part of the negotiations toward compromise." *Id.*  See also *Buckhanan v. Shinseki*, 665 Fed. Appx. 343 (5th Cir. 2016) (to determine whether a matter is inadmissible under Rule 408, the court must determine whether the statements or conduct were intended to be part of the negotiations toward compromise." (citing *MCI Communications Service, Inc. v. Hagan,* 641 F.3d 112, 116-17 (5th Cir. 2011).

At this stage, this court is not persuaded that McRae's revelation of the status of the trust funds is a revelation sheltered by Rule 408 and its exceptions.

The court, however, will not render a final decision on this matter now but, instead, will do so at the end of the forthcoming hearing, which is scheduled for March 19, 2019 at 9:30 a.m.

**IT IS, THEREFORE, ORDERED** that Wayne E. Ferrell, Jr.'s Motion to Strike **[Docket no. 252]** is hereby **DENIED**. This court will hold a hearing on March 19, 2019 at 9:30 a.m. on Defendant's Motion for Contempt **[Docket no. 251].**

**SO ORDERED this the 13th day of March, 2019.**

> **s/ HENRY T. WINGATE**
> **UNITED STATES DISTRICT COURT JUDGE**